FLN (Rev. 4/2004) Deficiency Order Page 1 of 2

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

LANTANA INSURANCE LTD

 vs Case No. 3:08cv64/MCR/EMT

PATRICIA JO RITCHIE, et al.

## ORDER

Defendants John Doe 1, John Doe 2, Jane Doe 1, Jane Doe 2, Jane Doe 3, Gary Wright, Kourtney Wright, Shasta Phillips, and Christina Tanksley's **AMENDED JOINT MOTION FOR PROTECTIVE ORDER and JOINT MOTION FOR COURT TO HOLD FED. R. CIV. P. 16 HEARING (Docs. 29, 31, electronically filed on April 7, 2009 and April 15, respectively)**, were referred to the undersigned with the following deficiencies:

> Counsel for the moving party, or a party who proceeds pro se, must confer with counsel for the opposing party and shall file with the court, at the time of filing a motion, a statement certifying that counsel or the pro se party has conferred with counsel for the opposing party in a good-faith effort to resolve by agreement the issues raised or has attempted to so confer but, for good cause stated, was unsuccessful, as required by Rule 7.1(B) of the Local Rules of the Northern District of Florida.[1]

---

[1] This case was recently referred to the undersigned for conducting certain pre-trial proceedings (*see* Doc. 27), after which the undersigned conducted a review of the docket. After reviewing the docket, however, it is unclear whether Defendant Patricia Jo Ritchie d/b/a Ritchie Large Family Child Care Home ("Ritchie") is actively participating in this case. For example, she is not included in the instant motions before the court. Moreover, the docket reflects that on May 29, 2008, Plaintiff's counsel filed a Waiver of Service of Summons, that was signed by Ritchie on March 20, 2008 (Doc. 6), but to date Ritchie has not filed an answer to the complaint or any pleadings. Moreover, although Ritchie's name is mentioned in the Joint Reports of the parties (*see* Docs. 20, 25), it appears that she did not actually participate in the planning conferences because the conferences were attended only by counsel, and the Joint Reports are not signed by Ritchie and indicate only that she is proceeding pro se and that copies of the Joint Reports were mailed to her (*id.*). If Ritchie is actively participating in this case, it would be helpful for the other Defendants' counsel to include Ritchie's position on any motion they file (although the Local Rules do not require such consultation, the undersigned recommends it, because it will lead to a more efficient handling of future motions filed by Defendants). If Ritchie is not actively participating in this case, the parties should inform the court of her non-participation in a later-filed pleading, so her

FLN (Rev. 4/2004) Deficiency Order                                                                                           Page 2 of 2

      Defendants failed to file a memorandum accompanying the motions as required by Rule 7.1(A) of the Local Rules of the Northern District of Florida, "unless [the] motion is unopposed or the parties have stipulated that the relief sought by the motion may be granted."

For these reasons, it is **ORDERED** that:

      The documents shall remain in the electronic file, but the court will not consider them until the above-noted deficiencies have been corrected through the filing of amended documents.  Thus, the motions (Docs. 29, 31) are **DENIED without prejudice** with leave given to re-file after correction.

      **DONE AND ORDERED** this 20th day of April 2009.

                                                /s/ *Elizabeth M. Timothy*
                                       **ELIZABETH M. TIMOTHY**
                                       **UNITED STATES MAGISTRATE JUDGE**

---

status is clear.  Likewise, the status of Defendant Christina Tanksley is unclear.  For example, Tanksley does not appear to have been served or to have waived service, because she has not filed an answer to the complaint, and no return of service or waiver thereof appears in the record (unless Tanksley waived service, proof of service must be made to the court (*see* Fed. R. Civ. P. 4(l)), yet Attorney Michael A. Jones is representing Tanksley and proceeding on her behalf.

Case No.: 3:08cv64/MCR/EMT